J.P. Morgan Securities Inc., J.P. MORGAN CLEARING CORP., and THE BEAR STEARNS COMPANIES LLC, Plaintiffs,

against
Vigilant Insurance Company, THE TRAVELERS INDEMNITY COMPANY, FEDERAL INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, P.A., LIBERTY MUTUAL INSURANCE COMPANY, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON and AMERICAN ALTERNATIVE INSURANCE CORPORATION, Defendants.


600979/09

For plaintiff: Terrence G. Reed, Esq., of Lankford & Reed, PLLC
For defendants: Philip C. Korologos, Esq., of Boies, schiller & Flexner LLP


Charles E. Ramos, J.

This Court recently granted summary judgment in favor of plaintiffs, JP Morgan Securities Inc., J.P. Morgan Clearing Corp., and the Bear Stearns Companies LLC (together, JP Morgan), and declared that its insurers are required to indemnify it for claims stemming from Bear Stearns' monetary settlement of Securities and Exchange Commission (SEC) and New York Stock Exchange (NYSE) investigations and related private litigation arising out of Bear Stearns' alleged facilitation of late trading and deceptive market timing (NYSCEF Doc. Nos. 968-969), and judgment was entered in its favor (NYSCEF Doc. No. 970). 
Insurers now move for leave to renew their motions to dismiss, summary judgment and opposition to JP Morgan's motion for summary judgment on the basis of the U.S. Supreme Court's recent decision in Kokesh v Securities and Exchange Commission (_US_, 2017 WL 2407471 [2017]), which they claim mandates a different result in on the prior motions because it [*2]is a change in the relevant principles of federal law governing the nature of the remedy of SEC disgorgement.
In Kokesh, the Supreme Court considered whether a five-year statute of limitations applies to, inter alia, a proceeding for the enforcement of a civil penalty, including the penalty of disgorgement which is imposed as a sanction for violating federal securities law under 28 USC 2462. The Supreme Court determined that disgorgement actions must be commenced within five years of the date the claim accrues, because disgorgement in the securities-enforcement context is a penalty within the meaning of section 28 USC 2462.
The motion to renew is denied. The Supreme Court's decision pertains to the applicable statute of limitations under a federal statute. It does not touch upon any of the issues in this action, namely, New York insurance law. More importantly, the Supreme Court decision does not overrule the New York Court of Appeals' earlier determination in this action. 
The New York Court of Appeals held that, where an SEC disgorgement payment is not predicated on funds that an insured improperly acquired as a result of its securities violations, but rather is linked to gains that went to others, the rule precluding coverage for the disgorgement of its own illicit gains does not apply to bar insurance coverage (J.P. Morgan Securities Inc. v Vigilante Ins. Co., 21 NY3d 324 [2013]). The Court of Appeals premised its holding on both contract interpretive principles of what constitutes a loss or damages under an insurance policy, and as a matter of public policy, that otherwise precludes an insured from receiving indemnification of its own illicit gains (Id.). The holding of the Supreme Court does not mandate a reversal of this determination, which is law of the case. The Insurers offer no compelling reason for this Court to depart from that doctrine.
Accordingly, it is
ORDERED that motion sequence 024 is denied in its entirety.
Dated: January 17, 2018